```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO.11-CV-22765-SEITZ
                        MAGISTRATE JUDGE P.A. WHITE
```

MICHAEL P. FLYNN,                :

    Petitioner,              :

v.                               :        REPORT OF
                                          MAGISTRATE JUDGE
KENNETH S. TUCKER,[1]            :

    Respondent.              :

_____

### Introduction

Michael P. Flynn, a state prisoner confined at Northwest Florida Reception Center at Chipley, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 attacking his convictions and sentences entered in Case Nos. 03-19458 and 04-32198 in the Eleventh Judicial Circuit Court of Florida, at Miami-Dade County. Petitioner, in his reply to respondent's response, also moved this Court to grant his motion to stay the proceedings pending resolution of the appeal of his second Rule 3.850 motion. (DE#20:4).

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of this petition (DE#1) and exhibits

---

[1] Kenneth S. Tucker has replaced Edwin G. Buss as Secretary of the Florida Department of Corrections, and is now the proper respondent in this proceeding. Tucker should, therefore, "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d)(1). The Clerk is directed to docket and change the designation of the Respondent.

(DE#4), the Court has the petitioner's response to an order regarding the limitations period (DE#12), the respondent's response to an order to show cause with multiple exhibits (DEs#17-19,26), and the petitioner's replies thereto. (DEs#20,23).

## Procedural History

On July 31, 2003, in case no. 03-19458, petitioner was charged by information with one count of kidnapping with a weapon and aggravated battery with a deadly weapon. (R2:15-18). Thereafter, on November 15, 2004, in case no. 04-32198, he was charged by information with trafficking in illegal drugs and possession of cocaine. (R2:115-118). Petitioner entered a guilty plea in both cases on February 8, 2006. (Transcript for February 8, 2006 hearing:39-72).

Following the entry of his guilty plea, on June 16, 2006, in case no. 03-19458, petitioner was sentenced to 25 years in prison as to Count 1 and 15 years as to Count 2, to run concurrently with one another. (Transcript of June 16, 2006 hearing:176). Then, with respect to case no. 04-32198, he was sentenced to 10 years in prison as to Count 1 and 5 years in prison as to Count 2, to run concurrently with one another. (Id.). Ultimately, the court ordered both cases to run consecutive to one another for a total of 35 years in prison. (Id.).

Prior to his sentencing hearing, petitioner, on May 18, 2006, filed a motion to vacate his plea pursuant to Fla.R.Crim.P. 3.170(f) (DE#18,Ex.A), which was argued at the start of his sentencing proceedings on June 16, 2006, but was subsequently denied. (Transcript of June 16, 2006 hearing:1-48).

Petitioner then filed separate appeals with the Third District Court of Appeal for each trial court case, case nos. 3D06-1894 and 3D06-1866, wherein he argued the trial court erred in denying his pre-sentence motion to withdraw his guilty plea. (DE#18,Exs.B,C). Petitioner filed a motion to consolidate the district court cases (Id.,Ex.E), which was granted.[2] The district court, on April 23, 2008, entered an order, per curiam and without written opinion, affirming the trial court's denial of the motion to vacate. Flynn v. State, 980 So.2d 504 (Fla. 3d DCA 2008). It does not appear that petitioner sought discretionary review before the Florida Supreme Court.

Here, petitioner pursued a direct appeal from his conviction, but did not seek discretionary review before the Florida Supreme Court. In Florida, a petition for discretionary review to the Florida Supreme Court is due within 30 days of rendition of the order to be reviewed. See Fla.R.App.P. 9.030(a)(2)(A), Fla.R.App.P. 9.120(b). If a timely motion for rehearing is filed and the appellate court rules on the motion, the period for filing a petition for discretionary review is tolled. See generally Romero v. State, 870 So.2d 816 (Fla. 2004). Petitioner did not seek rehearing, consequently, the petitioner had until May 23, 2008, to file a petition for discretionary review in the Florida Supreme Court.

Because petitioner did not seek discretionary review to the Florida Supreme Court, he is not entitled to an additional ninety days to file a petition for a writ of certiorari in the United States Supreme Court. Gonzalez v. Thaler, ___ U.S. ___, 132 S.Ct. 641, 646 (2012). Thus, petitioner's conviction became final on May

---

[2]The Court takes judicial notice of information available at the database maintained by the Third District Court of Appeal,http://www.3dca.org/, in Flynn v. State, Case Nos. 3D06-1864 and 3D06-1866. See Fed.R.Evid. 201.

23, 2008,[3] when his case became final for purposes of direct appellate review. Thus, the petitioner had one year from the time his conviction became final, or no later than May 23, 2009, within which to timely file this federal habeas petition.

From the time his conviction became final on May 23, 2008, the limitations period ran unchecked for **334 days**, until the petitioner returned to the trial court, filing his first Rule 3.850 motion for post-conviction relief on April 23, 2009.[4]

---

[3] Under Fed.R.Civ.P. 6(a)(1), "in computing any time period specified in ... any statute that does not specify a method of computing time ... [the court must] exclude the day of the event that triggers the period [,] count every day, including intermediate Saturdays, Sundays, and legal holidays [, and] include the last day of the period," unless the last day is a Saturday, Sunday, or legal holiday.

[4] In his petition, petitioner asserts that on June 9, 2008, he filed a Motion to Mitigate sentence which was subsequently denied by the trial court on June 26, 2008. (DE#1:2). He did not appeal the denial thereof. (Id.). Although no documents supporting his allegations have been provided by either petitioner or respondent, a review of the Miami-Dade County Clerk's website reflects that a Motion to Mitigate Sentence was docketed with the Clerk on June 13, 2008 and thereafter an order denying the motion was docketed on July 3, 2008. The Court takes judicial notice of information available at the database maintained by the Miami Dade County Clerk, http://www.miami-dadeclerk.com/, in State v. Flynn, Case Nos. F03-19458 & F04-32198. See Fed.R.Evid. 201.

Assuming the federal limitations period was tolled, the exact dates in which the motion to mitigate sentence was filed and denied are unknown to this Court. Although petitioner asserts he filed the motion to mitigate on June 9, 2008, which was denied 17 days later on June 26, 2008, the clerk's office indicates the petition was docketed on June 13, 2008 and denied on July 3, 2008. For purposes of computing the timeliness of this federal petition, the undersigned has considered June 9, 2008, the date provided by petitioner, the more liberal and favorable date, as the date the pleading was filed. Likewise, the undersigned has considered July 3, 2008, the date noted by the state court docket, as the date the pleading was denied.

Therefore, even if the second Rule 3.850 motion tolled the limitations period, with the information before this Court, the statute of limitations ran untolled for a total of 309 days. Nonetheless, the timeliness of this federal habeas corpus petition is contingent on the state appellate court's decision. Thus, even if we were to assume, without deciding, that petitioner was entitled to tolling of the limitations period during the pendency of the foregoing petition, the undersigned's recommendation remains the same as the timeliness of this federal habeas corpus petition is nonetheless contingent on the state appellate court's decision.

Petitioner returned to the state court, through counsel, filing his first Rule 3.850 motion for post-conviction relief on April 23, 2009, as to both criminal cases. (DE#19,R2:20-37). An amended motion was subsequently filed on July 13, 2009, raising all the claims set forth in this federal habeas corpus proceeding.[5] (Id.,R2:51-69). Following the state's response (Id.,R2:80-94) and an evidentiary hearing on the matter (Transcript of September 4, 2009 hearing:1-84), the trial court entered an order denying the motion. (DE#19,R2:99). The petitioner appealed with the Third District Court of Appeal, case number 3D09-2946 (Id.,R2:100). Following the state's response and a reply thereto (DE#18,Exs.G,H), the district court, on March 23, 2011, per curiam and without written opinion, affirmed the trial court's denial. Flynn v. State, 57 So.3d 861 (Fla. 3d DCA 2011). The mandate issued on April 8, 2011. (Id.,Ex.K). Following the issuance of the mandate, petitioner's motion for rehearing was docketed and subsequently denied on May 3, 2011. (DE#18,Exs.I,J).

Petitioner returned to the state court and filed a pro se motion for post-conviction relief, prior to his first 3.850 motion becoming final on appeal, raising the same claims he asserted therein and in this federal habeas corpus proceeding.[6] At the latest, petitioner's second Rule 3.850 motion was filed on April 28, 2011.[7] (DE#26,Ex.A). Following the state's response,[8] the trial

---

[5]The respondent concedes, and this Court agrees, that all of petitioner's claims have been exhausted with the filing of petitioner's first Rule 3.850 motion, except for claim three. (See DE#17:11) Notwithstanding, whether claim three was exhausted is not at issue here as petitioner concedes as such and requests for the dismissal thereof. (DE#1:9;DE#20:6).

[6]Id.

[7]Although a review of the second motion for post-conviction relief is devoid of any information reflecting when petitioner handed over his petition to the proper prison personnel for mailing, this information is irrelevant to determine the timeliness of this petition. Since petitioner filed the second Rule 3.850 petition while the first Rule 3.850 petition was still pending with the

court, on August 5, 2011, denied the motion as time barred and moreover, noted that three of petitioner's claims could have been raised on direct appeal and that his claims of ineffective assistance of counsel were also successive. (Id.,Ex.B). Petitioner's motion for rehearing, was denied on December 8, 2011. (Id.). Petitioner appealed, case number 3D12-180, which remains pending in the Third District Court of Appeal as of the date of this Report.[9]

Prior to the conclusion of his state court proceedings, petitioner has come to this Court filing his petition for federal habeas corpus on July 26, 2011. (DE#1).

## Discussion

In response to an order to show cause, the respondent asserts inter alia that this petition should be dismissed as untimely filed. (DE#17:11). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. See Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has

---

district court, the statute of limitations did not run for tolling purposes.

[8]The Court takes judicial notice of information available at the database maintained by the Miami Dade County Clerk, http://www.miami-dadeclerk.com/, in State v. Flynn, Case Nos. F03-19458 & F04-32198. See Fed.R.Evid. 201.

[9]The Court takes judicial notice of information available at the database maintained by the Third District Court of Appeal,http://www.3dca.org/, in Flynn v. State, Case No. 3D12-180. See Fed.R.Evid. 201.

expired. 28 U.S.C. §2244(d)(1)(A).[10]  This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[11] 28 U.S.C. §2244(d)(2). Moreover, the one-year limitations period is subject to equitable tolling in "rare and exceptional cases." See Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11th Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). See also Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).

The judgment of conviction and sentence in this case became final on May 23, 2009, 30 days after the conclusion of the direct

---

[10]The statute provides that the limitations period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[11]A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11th Cir. 2000)).

appeal proceeding. Since this federal petition for writ of habeas corpus challenging the instant convictions was not filed until July 26, 2011, beyond one year after the date on which the convictions became final, the petition is time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2). As indicated above, at most 334 days of untolled time elapsed before petitioner pursued collateral relief with the state court on April 23, 2009, when he filed his first Rule 3.850 motion.[12] The statute of limitations remained tolled, at the very minimum, until May 3, 2011, when his motion for rehearing was denied.

Although petitioner filed a second Rule 3.850 motion on April 28, 2011, at this juncture it cannot be determined whether this latter motion for post-conviction relief would serve to toll the limitations period. As may be recalled, the state trial court, among other reasons, denied the petition based on untimeliness. Accordingly, if the trial court's denial of the second Rule 3.850 motion is affirmed on appeal, then the latter motion is not "properly filed" and does not toll AEDPA's statute of limitations, even if the court denied relief on the merits in the alternative. <u>Sweet v. Sec'y, Dept. Of Corr.</u>, 467 F.3d 1311 (11th Cir. 2006); <u>Drew v. Dep't of Corr.</u>, 297 F.3d 1278 (11th Cir. 2002)(stating that although a successive state court post-conviction motion constitutes a "properly filed" petition for purposes of tolling, however, when the petition at issue is also untimely, tolling is not afforded). If, however, the state appellate court disagrees

---

[12] If, however, the Court were to consider that his motion to mitigate sentence tolled the statutory limitations, then, 309 days of untolled time elapsed before petitioner pursued collateral relief with the state court on April 23, 2009 and remained tolled until May 3, 2011, when his motion for rehearing was denied.

with the state trial court and determines the second Rule 3.850 motion was timely filed, then the second Rule 3.850 motion is also considered "properly filed" and thus tolls the limitations period. Id. The timeliness of this federal habeas corpus petition is dependent on the outcome of the state appellate court.

Although the state district court may ultimately determine the state trial court properly applied their procedural bar, such an assumption will not be made here.

Where as here, a habeas corpus petition may or may not be time-barred, it should be dismissed without prejudice to permit the state court system an opportunity to properly adjudicate petitioner's second Rule 3.850 motion.

Accordingly, it is recommended this petition for habeas corpus relief be dismissed without prejudice, providing the petitioner a possible opportunity to have his issues addressed. Assuming, without deciding, this federal petition was timely filed, in order for any future federal petition not to be time-barred, petitioner is advised that he must comply with the one-year statute of limitation requirement. See 28 U.S.C. §2244(d)(1)-(2).[13] Thus, the

---

[13] Section 2244(d)(1) sets forth the general rule that a federal habeas petition must be filed within one year after a petitioner's conviction becomes final. The judgment of conviction in the underlying criminal case became final at the latest on June 19, 2007, ninety days after the convictions and sentences were affirmed on direct appeal. See Jimenez v. Quarterman, ___ U.S. ___, ___, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A)). The statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. §2244(d)(2). The statute is not tolled, however, during the pendency of any prior federal habeas petition. See Duncan v. Walker, 533 U.S. 167 (2001)(holding that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" within the meaning §2244(d)(2)). See also Nyland v. Moore, 216 F.3d 1264 (11 Cir. 2000)(holding that the filing date of a second §2254 application does not relate back to the filing of an earlier, timely petition which is dismissed prior to resolution on the merits).

petitioner is hereby cautioned to be aware of the time limitation for any subsequent habeas corpus petition filed in this Court and that he must return to this Court immediately after all state court remedies have concluded. 28 U.S.C. §2244(d).

## Conclusion

It is therefore recommended that this petition for writ of habeas corpus be dismissed without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply. It is further recommended that petitioner's motion to stay (DE#20:4) be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 19th day of March, 2012.

UNITED STATES MAGISTRATE JUDGE

cc:  Michael P. Flynn, pro se
     DC#M54320
     Northwest Florida Reception Center
     Annex
     4455 Sam Mitchell Drive
     Chipley, FL 32428-3597

     Jill D. Kramer, AAG
     Attorney General Office
     Department of Legal Affairs
     444 Brickell Avenue
     Suite 650
     Miami, FL 33131