UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-22765-CIV-SEITZ/WHITE

MICHAEL P. FLYNN,

    Petitioner,

v.

KENNETH S. TUCKER,

    Respondent.

_____/

## ORDER SUSTAINING PETITIONER'S OBJECTIONS AND REFERRING THE PETITION BACK TO THE HONORABLE PATRICK A. WHITE FOR AN ADDITIONAL REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Michael Flynn's ("Petitioner") Objections [DE 35] to the Report and Recommendation ("R&R") [DE 28] of the Honorable Patrick A. White, United States Magistrate Judge. Judge White recommends that the Court dismiss Petitioner's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 ("Habeas Petition"), without prejudice because it cannot be determined, at this time, whether the Petition was filed within the one-year statute of limitations. Having considered the objections [DE 35], the R&R [DE 28], and the record, the Court will sustain the objections and decline to adopt the R&R because the Habeas Petition was timely filed when using July 22, 2008 as the date Petitioner's convictions became final for the purpose of starting the clock for the one-year statute of limitations set forth in 28 U.S.C. §2244(d)(1)(A). Thus, the Court will refer the Habeas Petition back to Judge White for consideration of whether a stay is warranted until Petitioner's present state court appeal is resolved or, if a stay is inappropriate, whether Petitioner should be given the option to delete his unexhausted claims and proceed with his exhausted claims, in lieu of dismissal of the entire Petition without prejudice in accord with *Rhines v. Weber*, 544 U.S. 269 (2005) and its

1

progeny.

## I. Summary of Judge White's Report and Recommendation

In the Report and Recommendation ("R&R"), Judge White found that Petitioner's convictions[1] became final on May 23, 2008, thirty days after the Third DCA issued a per curiam opinion on April 23, 2008 affirming the trial court's denial of Petitioner's Motion to Vacate his Plea pursuant to Fla. R. Crim. P. 3.170(f). In determining finality, Judge White added thirty days to the date the Third DCA issued its April 23, 2008 opinion because that is the amount of time Petitioner had to seek discretionary review of the opinion with the Florida Supreme Court.

After determining that Petitioner's convictions became final on May 23, 2008, Judge White calculated that 334 days passed until April 23, 2009 when Petitioner filed the first of two motions for post-conviction relief pursuant to Fla. R. Crim. P. 3.850. The filing of the first Rule 3.850 Motion tolled the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for Petitioner to seek habeas relief. The trial court denied Petitioner's first Rule 3.850 Motion and, subsequently, the Third DCA affirmed the denial. On May 3, 2011, the Third DCA denied Petitioner's motion for rehearing. Judge White determined that if Petitioner had not filed a second Rule 3.850 Motion, as discussed below, the clock, for the purpose of the one-year statute of limitations for seeking habeas relief, would have started running again on May 3, 2011. Because by this time, Petitioner had already used up 334 of the 365 days of the statute of limitations, his Habeas Petition, which was filed on July 26, 2011, would be considered untimely.[2]

However, as mentioned above, Petitioner filed a second Rule 3.850 Motion in state court on or

---

[1] Petitioner pled guilty to trafficking in illegal drugs, possession of cocaine, kidnapping with a weapon, and aggravated battery with a deadly weapon.

[2] Based on the above calculations, the Petition would have been timely if filed by June 3, 2011.

2

about April 28, 2011, before the appeal of the denial of his first Rule 3.850 Motion became final. On August 5, 2011, the trial court denied the second Rule 3.850 Motion as time-barred and also found that three of Petitioner's claims could have been raised on direct appeal and that his claims of ineffective assistance of counsel were successive. Petitioner appealed the trial court's decision to the Third DCA; the appeal is currently pending.[3] As such, Judge White recommends that the Court dismiss Petitioner's Habeas Petition without prejudice because if the Third DCA determines that the second Rule 3.850 Motion was timely filed, it will further toll the one-year statute of limitations for the Habeas Petition. However, if the Third DCA affirms the trial court, the second Rule 3.850 Motion will not toll the statute of limitations thereby rendering the Habeas Petition untimely.

## II. Merits of Petitioner's Objections

Based on the Court's *de novo* review of the record, Petitioner's objections [DE 35] have merit. As explained below, even if the Third DCA determines that the second Rule 3.850 Motion was not timely filed and, as such, does not toll the statute of limitations, the Habeas Petition was still filed within one year of when Petitioner's convictions became final.

Title 28 U.S.C. § 2244(d)(1)(A) governs the statute of limitations period for the Petition. It provides that:

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of – the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

Recently, in *Gonzalez v. Thaler*, 132 S. Ct. 641 (2012), the Supreme Court considered when a judgment

---

[3] The Court takes judicial notice of the Case Docket on the Third DCA Clerk's Office website for Case No. 3D12-180, which is publicly accessible at the following URL: http://jweb.flcourts.org/pls/ds/ds_docket_search?pscourt=3

of conviction becomes final for the purposes of 28 U.S.C. § 2244(d)(1)(A). Gonzalez was convicted of murder. He appealed to the intermediate state appellate court in Texas – the Texas Court of Appeals – which affirmed the conviction on July 12, 2006. Thereafter, Gonzalez failed to seek discretionary review with the state's highest court – the Texas Court of Criminal Appeals – and the time to do so expired on August 11, 2006. After Gonzalez's state habeas petition was denied, he filed a federal habeas petition pursuant to 28 U.S.C. § 2254 on January 24, 2008.

After reviewing its prior opinions interpreting 28 U.S.C. § 2244(d)(1)(A), the Supreme Court held:

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the conclusion of direct review – when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the expiration of the time for seeking such review – when the time for pursuing direct review in this Court, or in state court expires. We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzalez*, 132 S. Ct. at 653-54. The Court concluded that Gonzalez's judgment became final on August 11, 2006, when the time for seeking review with the Texas Court of Criminal Appeals expired. *Id.* at 656.

In the instant case, Judge White determined, relying on *Gonzalez*, that Petitioner's judgment became final on May 23, 2008, thirty days after the Third DCA issued its April 23, 2008 opinion and Petitioner's time for seeking discretionary review of that opinion with the Florida Supreme Court expired. [DE 28 at 3-4]. However, the Third DCA's April 23, 2008 opinion was *per curiam* and without written opinion. *See Flynn v. State*, 980 So.2d 504 (Fla. 3d DCA 2008). This is significant because the Florida Supreme Court has held that it does not have jurisdiction to review "unelaborated per curiam decisions issued by a district court of appeal." *Jackson v. State*, 926 So.2d 1262, 1263, 1266 (Fla. 2006). The Third DCA's April 23, 2008 opinion fits into the category of an "unelaborated per curiam decision"

as it states only "PER CURIAM. Affirmed." *Id*; *see Gandy v. State*, 846 So.2d 1141, 1143-44 (Fla. 2003) (holding that the Court lacks subject matter jurisdiction to review an appeal where the opinion does not contain a statement that the district court expressly addressed a question of law which could create conflict if another opinion reached a contrary result)). As such, the Florida Supreme Court did not have subject matter jurisdiction to hear an appeal from Petitioner with respect to the April 23, 2008 Third DCA opinion. Therefore, unlike *Gonzalez*, Petitioner could not have appealed to the highest State court as such an appeal would have been futile. *See e.g. Clifton v. Sec'y, Dep't of Corrections*, 2012 U.S. Dist. LEXIS 121056, at *5, n. 3 (M.D. Fla. August 27, 2012) (noting that *Gonzalez* is distinguishable where the prisoner could not have appealed the district court's per curiam decision on direct appeal to the Florida Supreme Court as the filing of such an appeal would be futile); *Gilding v. Sec'y, Dep't of Corrections*, 2012 U.S. Dist. LEXIS 70975, at *7, n. 6 (M.D. Fla. May 22, 2012) (same)). In fact, the Florida Supreme Court has specifically directed its clerk's office to dismiss all notices of appeal and petitions for discretionary review that seek review of per curiam decisions issued without opinion. *Jackson*, 926 So.2d at 1266.

Moreover, if Petitioner had filed an appeal of the April 23, 2008 opinion with the Florida Supreme Court, the statute of limitations for habeas relief would not have been tolled during the pendency of the appeal. Title 28 U.S.C. § 2244(2) provides that "[t]he time during which a *properly filed application* for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." (emphasis added). In interpreting when an application is properly filed under 28 U.S.C. § 2244(2), the U.S. Supreme Court has opined, in *dicta*, that the erroneous acceptance of an application by the clerk of a court lacking jurisdiction is considered a pending application as opposed to a "properly filed application" within the meaning of 28 U.S.C. § 2244(2). *Artuz v. Bennett*, 531 U.S. 4, 9 (2000). Thus,

5

if Petitioner had sought review of the Third DCA's April 23, 2008 opinion and the Florida Supreme Court had erroneously accepted the appeal, the statute of limitations would not have been tolled during this period of time absent a protective petition filed in federal court. *See Colbert v. Head*, 146 Fed. Appx. 340, 344 (11th Cir. 2005) (holding that petitioner's motion to withdraw his guilty plea, despite being accepted and ruled upon by the state court, was not "properly filed" to toll the statute of limitations for habeas relief because it was untimely and, thus, the state court lacked jurisdiction over it)). Accordingly, it is clear from a practical standpoint that an appeal to the Florida Supreme Court would have been futile and, in fact, could have harmed Petitioner because he would not have been entitled to tolling had the appeal been mistakenly accepted.

### III. Calculation of Date Petitioners' Convictions Became Final

Because the Florida Supreme Court lacked jurisdiction to review an appeal of the Third DCA's April 23, 2008 opinion and such an appeal would have been futile, Petitioner's only other avenue of review was to file a petition for writ of certiorari with the U.S. Supreme Court. Rule 13.1 of the Rules of the Supreme Court of the United States provides that a petition for writ of certiorari must be filed within ninety days after entry of judgment. Thus, pursuant to 28 U.S.C. § 2244(d)(1)(A), the Petitioner's judgment of conviction became final on July 22, 2008, ninety days after it was issued, when the time for seeking review with the U.S. Supreme Court expired. *Chavers v. Sec'y, Fla. Dep't Corr.*, 468 F.3d 1273, 1274-75 (11th Cir. 2006). Using July 22, 2008 as the date on which the judgment became final and the other tolls recognized in the R&R to which Petitioner has not raised an objection, the Habeas Petition is timely. This is because only 274 days elapsed from when the judgment became final on July 22, 2008 until Petitioner filed his first Rule 3.850 motion on April 23, 2009, which tolled the one-year statute of limitations. Then, an additional 84 days elapsed from May 3, 2011, when Petitioner's appeal of the denial of his first Rule 3.850 Motion became final, until July 26, 2011, when Petitioner filed his

Habeas Petition. As such, a total of 358 days (274 + 84) of untolled time passed from when Petitioner's judgment became final until he filed his Habeas Petition, which is within the one-year statute of limitations. Thus, the Habeas Petition is timely.[4] Therefore, for the reasons set forth above, it is

ORDERED THAT

(1) Petitioner's Objections [DE 35] are SUSTAINED.

(2) The Court DECLINES to adopt the Report and Recommendation [DE 28].

(3) The Habeas Petition [DE 1] is REFERRED BACK to Judge White for a supplemental report and recommendation on Petitioner's claims as set forth above.

DONE AND ORDERED in Miami, Florida this 11th day of October, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   Honorable Patrick A. White
      All Counsel of Record

---

[4] Petitioner may have had even more time to file his Habeas Petition because, as set forth in the R&R, the Miami-Dade County Clerk's website reflects that a Motion to Mitigate sentence was docketed in Petitioner's case on June 13, 2008 and was denied on July 3, 2008. As such, the statute of limitations might have been tolled during this period for at least an additional 20 days. [DE 28 at 4, fn. 4].